# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

STEVEN T. MORTON §
§
V. § CASE NO. 9:13-CV-59
§
§
COMMISSIONER OF §
SOCIAL SECURITY ADMINISTRATION §

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the decision of the Commissioner denying plaintiff's application for social security benefits be affirmed.

Plaintiff timely filed objections to the magistrate judge's Report and Recommendation. The Court accordingly conducted a *de novo* review of the objections, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff objects to the magistrate judge's conclusion that the ALJ did not err in considering the plaintiff's credibility. Plaintiff generally alleges that his statements regarding the limiting effects of his symptoms reduce his residual functional capacity (RFC), thus making the RFC more limiting than the ALJ concluded. *See* Objections [Doc. #21], at p. 1. After review, the Court disagrees.

Judge Giblin discussed the ALJ's credibility determination in detail and found substantial evidence supported the ALJ's findings. *See* Report and Recommendation [Doc. #20], at pp. 7-8. Subjective complaints of pain must also be corroborated by objective medical evidence. *See*

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). As Judge Giblin and the ALJ noted, the plaintiff did not seek treatment after March 2009, which suggests that the plaintiff's symptoms are not as severe as alleged. *See* Report and Recommendation, at p.7; Tr. at 17. Morton also refused to take medication and requested discharge from treatment. Tr. at 17.

The ALJ further discussed the plaintiff's abilities to perform activities of daily living by maintaining his residence (where he lives alone), shopping for food, and taking care of his hygiene. Tr. at 15, 17. Judge Giblin referenced this in his report. *See* Report and Recommendation, at p. 7. Consideration of daily activities in conjunction with other evidence is relevant and proper in evaluating credibility. *See Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). The record shows that the ALJ properly considered the evidence and addressed the relevant factors in determining credibility. Accordingly, despite the plaintiff's objections to the contrary, the Court concludes that the ALJ provided specific reasons for the credibility determination and the magistrate judge did not err in upholding those findings.

Therefore, the Court **ORDERS** that the plaintiff's objections [Doc. #21] are **OVERRULED.** The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The Report and Recommendation [Doc. #20] is, therefore, **ADOPTED** and the Commissioner's decisions is **AFFIRMED**. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge